```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN ALDRIDGE,                  )
                                )
            Plaintiff,          )
         vs.                    ) Civil Action No. 05-253J
                                ) District Judge Kim R. Gibson
                                ) Magistrate Judge Amy Reynolds Hay
DAVID GOOD, Superintendent;     )
ROBERT MILLER, Plumber; TONY    )
BARAN, Maintenance Manager;     )
WILLIAM ARCHEY, Fire Safety     )
Officer,                        )
            Defendants.         )
```

<u>REPORT AND RECOMMENDATION</u>

I. <u>RECOMMENDATION</u>

It is respectfully recommended that the Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. no. 26) be treated as a motion for summary judgment and be granted.

II. <u>REPORT</u>

Plaintiff, John Aldridge, is a prisoner presently confined at the State Correctional Institution at Cresson (SCI-Cresson). He commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants David Good, Superintendent; Robert Miller, Plumber; Tony Baran, Maintenance Manager; and William Archey, Fire Safety Officer, claiming that he was exposed to asbestos during maintenance repairs at

SCI-Cresson.[1]  Presently before the Court is Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. For the reasons that follow, summary judgment should be granted in favor of the Defendants.

Standard of Review

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. Rule Civ. Proc. 56(c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case.").  The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met,

---

1. Plaintiff captions the case as a Class Action Complaint but nowhere in the body of the Complaint does he allege facts in support of his caption designation.  Moreover, as a prisoner proceeding pro se in this case Plaintiff could not properly serve as the representative of any putative class of prisoners.  Lewis v. City of Trenton Police Dept., 2006 WL 988545, *1 (3d Cir. April 12, 2006)(Slip Copy).

the non-moving party must set forth ". . . specific facts showing that there is a <u>genuine issue for trial</u> . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

Discussion

In their motion, Defendants assert that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997(e) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to
> prison conditions under section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. § 1983), or any other Federal law,
> by a prisoner confined in any jail, prison,
> or other correctional facility until such
> administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner).  In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available[2] administrative remedies before they can file an action in federal court concerning prison conditions.  In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement.  <u>Booth</u>, 206 F.3d at 300; <u>Nyhuis</u>, 204 F.3d at 66.  A unanimous Supreme Court affirmed the Court of Appeals' holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001), where the Court confirmed that in the PLRA Congress mandated exhaustion of all available administrative remedies, regardless of the relief offered through those administrative procedures.  In addition, in <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general

---

2.  There is no dispute that SCI-Cresson utilizes the Pennsylvania Department of Corrections 3-stage grievance procedure and, thus, Plaintiff had available to him an administrative remedy.

4

circumstances or specific episodes and whether they allege excessive force or other conduct.[3]

Failure to exhaust administrative remedies is an affirmative defense typically reserved for the summary judgment stage. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).[4]  In this instance, the Complaint on its face shows that Plaintiff failed to exhaust his available remedies.  Indeed, Plaintiff avers that his fellow inmate, Michael Gray, DC 1037, filed a grievance, which was denied by Superintendent Good, who informed Gray that there was no evidence of any disturbance of asbestos and that all protective measures were taken to prevent any asbestos exposure.[5] Plaintiff does not aver that he filed any grievance in this regard.  The evidence presented by the Defendants is that he did not file any grievance or complaint at SCI-Cresson regarding an

---

3. Also in Nussle, the Supreme Court confirmed that federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, first must exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a Section 1983 suit.

4. Notwithstanding, in appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss.  Ray, 285 F.3d at 295 n. 8

5.  Plaintiff cannot rely on another inmate's grievance to satisfy exhaustion.  See Martin v. Gold, 2005 WL 1862116, *7 (D.Vt. 2005)(quoting Laureano v. Pataki, 2000 WL 1458807, *2 (S.D.N.Y. Sept. 29, 2000)("The fact that other inmates filed similar grievances does not excuse plaintiff from filing his own grievance.  To allow plaintiff to circumvent the PLRA's exhaustion requirement because other inmates filed similar grievances would be contrary to Congress's intent in enacting the [PLRA]. (cit. omitted).")).

alleged exposure to asbestos.  Verification of Rebecca M. Reifer, Corrections Superintendent Assistant (Doc. 26 at Ex. 3, ¶ 2).

Moreover, in his Response to Defendants' motion, Plaintiff admitted he did not file any grievance concerning his claims of alleged asbestos exposure.  Plaintiff then tries to excuse his failure to file a grievance by claiming "ignorance of the law."  Response, ¶ IV, p.2 (doc. no. 32).  However, Plaintiff cannot create a material issue of fact simply by asserting ignorance of the law.  In this regard, as the Third Circuit has stated, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or **any other basis**."  Nyhuis, 204 F.3d at 73 (quotation omitted)(emphasis supplied).  The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth.  Consequently, this Court is required to follow the Supreme Court's directive in Booth and grant Defendants' motion for summary judgment due to Plaintiff's failure to have exhausted his available administrative procedures.  Accord Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003) ("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").

Based on the discussion above, it is respectfully recommended that Defendant's motion for summary judgment (doc. no. 26) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   26 July, 2006

cc:  The Honorable Kim R. Gibson
     United States District Judge

     John Aldridge
     CU-4091
     SCI Cresson
     P.O. Box A
     Cresson, PA 16699

     Scott A. Bradley
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219